ANNA BROWN, ALIAS ANNA GOODMAN, AND J. F. THOMAS, ALIAS PETE THOMAS, ALIAS PETER THOMAS, *Plaintiffs in Error*, v. FRIDAY BANKS, MARTHA BUTLER AND ALFRED BUTLER, HER HUSBAND, ELIZABETH HAMPTON AND JAMES HAMPTON HAMPTON, HER HUSBAND, EDWARD EDMUNDS AND MARK EDMUNDS, *Defendants in Error*.

1. In an action of ejectment where it is shown that in a prior action in ejectment against one of the defendants judgment for the land was recovered and possession thereof delivered to one of the defendants in the present action as the tenant of the plaintiffs, the record proceedings in the former action are admissible and such proceedings constitute evidence of title and right of possession in the plaintiffs as against the defendant, who was the sole defendant in the former action.

2. Where a defendant in ejectment claims only under a patent issued prior to an adjudication against him by a court of competent jurisdiction of the title and right of possession to the land in favor of a plaintiff, who was given possession under

such adjudication, such patent cannot be set up as a defense to a subsequent action of ejectment by the same plaintiff against the same defendant.

This case was decided by Division A.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry,* for plaintiffs in error;

*M. M. Scarborough, Jr.,* and *J. B. Hodges,* for defendant in error.

WHITFIELD, J.—The defendants in error brought an action of ejectment in September, 1906, against the plaintiffs in error and Abram Goodwin, alias Abram Goodman, and Green Goodwin, alias Green Goodman, in the circuit court for Columbia county to recover lands described as W. 1-2 of S. E. 1-4 10-5-16 S. and E. A plea of not guilty was entered as to all the defendants. The plaintiffs entered a nonsuit as to the defendants Abram Goodwin, alias Abram Goodman, and Green Goodwin, alias Green Goodman. At the trial the plaintiffs offered in evidence the record proceedings in an ejectment case begun and ended in 1905, between the plaintiffs in this cause and Anna Brown, one of the defendants in this cause, in which proceedings plaintiffs recovered judgment against Anna Brown for the land above described. The proceedings also show that by virtue of a writ of possession issued in the cause the sheriff of the county put into possession of the land James Hampton, "one of the plaintiffs, who accepted said possession

for and on behalf of the plaintiffs." The defendants objected to the admission in evidence of these record proceedings on the grounds that: (1) The record is irrelevant and immaterial; (2) the record is incompetent as a cause of action; (3) the judgment cannot form the basis of recovery. To show the relevancy and materiality of the record proceedings, James Hampton, one of the plaintiffs, testified that after judgment was recovered in the former proceedings the sheriff put Anna Brown out and put him into possession of the land; that he rented one room in the house on the land to John Thomas, one of the defendants here, who subsequently refused to recognize Hampton as landlord. The record proceedings were admitted in evidence and defendants excepted. The defendants put in evidence a patent from the United States dated in 1875, conveying the land to Thomas Goodwin, and showed that Anna Goodwin, one of the defendants, was the wife of Thomas Goodwin, the patentee, whose daughter is the wife of J. F. Thomas, one of the defendants, who claims possession as tenant to Anna Goodwin. There was conflicting testimony as to whether the sheriff under the writ of possession in the former proceedings put James Hampton into possession of the land as against Anna Brown and J. F. Thomas. Anna Brown and Anna Goodwin or Goodman is one and the same person.

The plaintiffs recovered verdict and judgment in this action against the defendants Anna Goodwin and J. F. Thomas. A motion for new trial on grounds that the verdict is contrary to the evidence, contrary to the law, and contrary to the charge of the court was overruled, and defendants excepted. On writ of error the following errors are assigned: Admitting in evidence the record and judgment in the former case; admitting evi-

17—Vol. 54

dence in rebuttal; denying a new trial; entering judgment for plaintiffs.

The record proceedings admitted in evidence were of an action between the plaintiffs here and Anna Goodwin, one of the defendants here; and there was testimony that the other defendant here, J. F. Thomas, was in possession as a tenant of the defendant Anna Goodwin when the possession was given to Hampton under the judgment in the former action, and that Thomas then took possession of a part of the premises as a tenant to the plaintiffs. Under these circumstances the record proceedings were properly admitted in evidence. Such proceeding constituted sufficient evidence of title and right of possession in the plaintiffs as against the defendant Anna Goodwin. J. F. Thomas claimed right of possession only as a tenant of Anna Goodwin, therefore the adjudication of title and right of possession in the plaintiffs as against Anna Goodwin was sufficient to require Thomas to attorn to the plaintiffs.

The sheriff's return on the writ of possession as set out in the record proceedings offered by the plaintiffs and admitted in evidence showed that possession of the land was given by the sheriff to James Hampton, "one of the plaintiffs, who accepted said possession for and on behalf of the plaintiffs." This having been denied by the defendants' witnesses, it was proper for the plaintiffs to offer testimony in rebuttal.

The record proceedings admitted in evidence showed an adjudication in 1905, by a court of competent jurisdiction of the title and right of possession to the land in controversy to be in the plaintiffs as against Anna Goodwin. There was also testimony as to possession of land by the plaintiffs under the judgment in 1905. The defendants, evidence was of a patent to the land dated 1875, issued to the deceased husband of defend-

ant Anna Goodwin, and of possession of the land by Anna Goodwin as the widow of the patentee, and of possession of the land by J. F. Thomas as tenant to Anna Goodwin. The judgment in favor of the plaintiffs against Anna Goodwin was rendered subsequent to the patent under which Anna Goodwin claimed possession as widow of the patentee, and consequently adjudged a letter title to be in the plaintiffs. Elizabethport Cordage Company v. Whittock, 37 Fla. 190. J. F. Thomas claimed possession only as a tenant of Anna Goodwin since 1905. The jury settled the facts in favor of the plaintiffs.

Rule 93 of the Circuit Court Rules authorizes the plaintiffs in ejectment to discontinue the action as to one or more of the defendants.

There is evidence to sustain the verdict and the judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.